FILED
United States Court of Appeals
Tenth Circuit

November 16, 2018

Elisabeth A. Shumaker
Clerk of Court

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JAQUON H. MUCSARNEY,

    Defendant - Appellant.

No. 18-1261
(D.C. No. 1:16-CR-00008-MSK-1)
(D. Colo.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **BRISCOE**, **HARTZ**, and **MATHESON**, Circuit Judges.
_____

After accepting a plea agreement that included a waiver of his right to appeal,

Jaquon H. Mucsarney pleaded guilty to one count of conspiracy to defraud the United

States in violation of 18 U.S.C. § 286, and one count of aggravated identity theft in

violation of 18 U.S.C. § 1028A. He was sentenced to ten years' imprisonment on the

conspiracy count, followed by two years' imprisonment for identity theft for a total

sentence of 144 months.

Despite his waiver, Mucsarney has filed a notice of appeal in which he seeks

to appeal his sentence. The government moves to enforce the waiver. *See United*

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam). Mucsarney's counsel "concedes that the appeal waiver contained in his Plea Agreement applies and that no exception set forth in *United States v. Hahn* . . . negates enforcement of that waiver." Resp. at 1. We gave Mucsarney the opportunity to file a pro se response, but the deadline for doing so has passed and we have not received a response.

We review the government's motion under the three-prong analysis adopted in *Hahn*, which requires us "to determine: (1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." 359 F.3d at 1325.

In the plea agreement, Mucsarney waived the right to appeal his sentence unless

> (1) the sentence imposed is above the maximum penalty provided in the statute of conviction, (2) the Court, after determining the otherwise applicable sentencing guideline range, either departs or varies upwardly, or (3) the Court determines that the total offense level is higher than 27 and imposes a sentence above the sentencing guideline range calculated for that total offense level.

Mot. to Enforce, Attach. 1 (Plea Agmt.) at 2.

Mucsarney's appeal is within the scope of the waiver: the sentence equaled but was not above the maximum penalty; the district court did not depart upward from the applicable guideline range; and the 144-month sentence did not exceed the 130 to 162-month range for an offense level of 27. Second, the waiver was knowing and

voluntary as reflected in both the plea agreement and colloquy at the plea hearing. Last, there is no indication in the record that enforcing the waiver would result in a miscarriage of justice as defined in *Hahn*, 359 F.3d at 1327.

The motion to enforce is granted and this appeal is dismissed.

Entered for the Court
Per Curiam